Troyce **HAYNESWORTH**, Appellant,

v.

**STARKIST FOODS, INC.,**
et al., Appellees.

No. 00–7218.

United States Court of Appeals, District
of Columbia Circuit.

June 13, 2001.

Before WILLIAMS, RANDOLPH, and TATEL, Circuit Judges.

### JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for an opinion. *See* Fed. R.App. P. 36; D.C.Cir. Rule 36(b). It is

ORDERED AND ADJUDGED that the district court's order filed July 24, 2000, be affirmed. To succeed on his Eighth Amendment claim, appellant must show that prison officials acted with deliberate indifference. *See Wilson v. Seiter,* 501 U.S. 294, 296–303, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). Deliberate indifference requires that the prison official "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan,* 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). The allegations in appellant's complaint indicate that prison officials took prompt good faith remedial measures after learning of a potential risk caused by a product prepared by a third party. *See generally Scott v. District of Columbia,* 139 F.3d 940, 944 (D.C.Cir.1998) (where prison officials made good-faith attempt to enforce prison nonsmoking policy, imperfect enforcement did not demonstrate deliberate indifference); *cf. George v. King,* 837 F.2d 705, 707 (5th Cir.1988) (deliberate indifference could be shown if "prisoners regularly and frequently suffer from food poisoning with truly serious medical complications as a result of particular, known unsanitary practices which are customarily followed by the prison food service organization, and the authorities without arguable justification refuse to attempt remedial measures").

**4**

Therefore, the district court properly dismissed appellant's Eighth Amendment claim because it "appears beyond doubt" that appellant "can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Appellant does not challenge the district court's refusal to exercise supplemental jurisdiction over his remaining claims.

The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.